Jonathan Schwalb, Esq.
Friedman Vartolo LLP
85 Broad Street, Suite 501
New York, New York 10004
Attorneys for Fay Servicing, LLC as service for
Wilmington Savings Fund Society, FSB, not in its
individual capacity but solely as Owner Trustee of CIM
Trust 2021-NR2
P: (212) 471-5100
Bankruptcy@FriedmanVartolo.com

**Order Filed on May 12, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

--------------------------------------------------------------------X

|  |  |
|---|---|
| IN RE: | : CASE NO.: 20-21428-CMG |
|  | : CHAPTER: 13 |
| Todd Swillinger | : |
| Kathleen Y. Fong-Swillinger | : HON. JUDGE.: |
|  | : Christine M. Gravelle |
| Debtors | : |
|  | : Hearing Date: |
|  | 4/20/22 |

--------------------------------------------------------------------X


**CONSENT ORDER RESOLVING CREDITOR'S CERTIFICATION OF DEFAULT**

The consent order set forth on the following pages, numbered two (2) through three (3), is hereby
**ORDERED**.


**DATED: May 12, 2022**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

| | |
|---|---|
| Applicant: | Fay Servicing, LLC as service for Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of CIM Trust 2021-NR2 |
| Applicant's Counsel: | Friedman Vartolo LLP |
| Debtor's Counsel: | Robert C. Nisenson, LLC |
| Property (Collateral): | 99 Bayberry Drive, Somerset, NJ 08873 |

Relief Sought:

- Relief from Automatic Stay

For good cause shown, it is **ORDERED** that Applicant's Motion is resolved, subject to the following conditions:

1. Status of post-petition arrearages:

  ☐    The Debtor(s) is/are overdue for __ months, from _____ to _____

  ☐    The Debtor(s) is/are overdue for ___payments at _____ per month.

  ☐    The Debtor(s) is/are due for _____ in accrued late charges.

  ☐    The Debtor(s) is/are due for _____ in attorney's fees and costs.

  ☐    Applicant acknowledges suspense funds in the amount of $**0.00**

  Total Arrearages Due: $ **0.00**_____

2. Debtor(s) must cure all post-petition arrearages, as follows:

  ☐    Immediate payment shall be made in the amount of _____. Payment shall be made no later than _____

  ☒    Beginning on **04/01/2022**, regular monthly mortgage payments shall continue to be made per terms of Note, Mortgage and/or payment change notices.

  ☐    Beginning on _____, additional monthly cure payments shall be made in the amount of _____ for _____ months.

  ☐    The amount of _____ shall be capitalized in the debtor's Chapter 13 plan. Said amount shall be set up on Trustee's ledger as a separate Claim. Debtor(s) shall file a Modified Plan within 10 days from the entry of this Order to account for the additional arrears to be paid to the secured creditor via Chapter 13 Plan and to adjust monthly payments to the Chapter 13 Trustee accordingly.

3. Payments to the Secured Creditor shall be made to the following address:

   Payments:                Fay Servicing, LLC
                            PO Box 814609
                            Dallas, TX 75381-4609

4. In the event of default:

   ☒        Should the Debtor(s) fail to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post petition delinquency is more than thirty (30) days late, counsel shall file a Certification of Default with the Court, a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtor(s), and Debtor('s) attorney and the court shall enter an Order granting relief from the Automatic Stay. Should the default occur post discharge and/or post the Bankruptcy Case being administratively closed, Secured Creditor shall be free to seek its state court rights and remedies without any further Certification of Default, Order or Hearing from the Bankruptcy Court.

   ☒        In the event the Debtor(s) converts to a Chapter 7 during the pendency of this bankruptcy case, the Debtor(s) shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtor(s) fail to bring the loan contractually current, counsel shall file a Certification of Default with the Court, a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtor(s), and Debtor('s) attorney and the court shall enter an Order granting relief from the Automatic Stay.

   ☒        This agreed order survives any loan modification agreed to and executed during the instant bankruptcy. If any regular mortgage payment due after the execution of a loan modification is more than thirty (30) days late, counsel shall file a Certification of Default with the Court, a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtor(s), and Debtor('s) attorney and the court shall enter an Order granting relief from the Automatic Stay

5.  Award of Attorney's Fees:

The Applicant is awarded attorney's fees of **$200.00**.

The fees and costs are payable:

☐    Attorney's fees and costs have been included in the Consent Order.

☒    Through the Chapter 13 plan.   The fees/costs shall be set up as a s
separate claim to be paid by the Standing Trustee and shall be paid
as an administrative claim.

☐    To the Secured Creditor within _____ days

☐    Attorney's fees are not awarded.

☐    Movant reserves its right to file a Post-Petition Fee Notice for fees
and costs incurred in connection with the Motion for Relief.

The undersigned hereby consent to the form and entry of the foregoing order.

_____
Robert C Nisenson, Esq.
*Attorney for Debtor*

/s/ Jonathan Schwalb, Esq.
Jonathan Schwalb, Esq.
*Attorney for Secured Creditor*

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 20-21428-CMG
Todd Swillinger                                                           Chapter 13
Kathleen Y. Fong-Swillinger
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-3 | User: admin | Page 1 of 2
Date Rcvd: May 12, 2022 | Form ID: pdf903 | Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
| --- | --- |
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 14, 2022:**

| Recip ID | Recipient Name and Address |
| --- | --- |
| db/jdb | + Todd Swillinger, Kathleen Y. Fong-Swillinger, 99 Bayberry Drive, Somerset, NJ 08873-4212 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 14, 2022            Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 12, 2022 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| Albert Russo | docs@russotrustee.com |
| Denise E. Carlon | on behalf of Creditor U.S. BANK NATIONAL ASSOCIATION  NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS INDENTURE TRUSTEE OF CIM TRUST 2018-NR1 dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Jonathan C. Schwalb | on behalf of Creditor Fay Servicing  LLC as servicer for Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of CIM Trust 2021-NR2 bankruptcy@friedmanvartolo.com |
| Kyle Anthony Livingstone | on behalf of Creditor Quailbrook Phase 1B Townhomes Association  Inc. klivingstone@theassociationlawyers.com |
| Nicole B. LaBletta | on behalf of Creditor U.S. Bank National Association et al nlabletta@lablettawalters.com  tharalla@lablettawalters.com |

Robert C. Nisenson
                            on behalf of Debtor Todd Swillinger r.nisenson@rcn-law.com
                            doreen@rcn-law.com;g2729@notify.cincompass.com;nisensonrr70983@notify.bestcase.com

Robert C. Nisenson
                            on behalf of Joint Debtor Kathleen Y. Fong-Swillinger r.nisenson@rcn-law.com
                            doreen@rcn-law.com;g2729@notify.cincompass.com;nisensonrr70983@notify.bestcase.com

U.S. Trustee
                            USTPRegion03.NE.ECF@usdoj.gov

William H Brosha
                            on behalf of Creditor Quailbrook Phase 1B Townhomes Association  Inc. collections@theassociationlawyers.com


TOTAL: 9