UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Albert Russo
Standing Chapter 13 Trustee
CN 4853
Trenton, NJ 08650-4853
(609) 587-6888

Order Filed on May 26, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Todd Swillinger
Kathleen Y. Fong-Swillinger

Case No.: __20-21428-CMG__

Chapter: __13__

Hearing Date: _____

Judge: __Christine M. Gravelle__

# ORDER
## ORDER ESTABLISHING PROCEDURES FOR CONDUIT MORTGAGE PAYMENTS

The relief set forth on the following pages, numbered two (2) through __8__, is **ORDERED**.

**DATED: May 26, 2022**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** |  |
| Caption in Compliance with D.N.J. LBR 9004-1(b) <br> Albert Russo <br> CN 4853 <br> Trenton, New Jersey 08650 <br> (609) 587-6888 <br> Standing Chapter 13 Trustee <br> In Re: <br>     TODD SWILLINGER <br>     KATHLEEN Y. FONG-SWILLINGER <br>         Debtor(s) | Case No: 20-21428 CMG <br><br> Chapter 13 <br><br> Hearing: 5/18/22 <br><br> Judge Christine M. Gravelle |

**ORDER ESTABLISHING PROCEDURES FOR**
**CONDUIT MORTGAGE PAYMENTS BY THE CHAPTER 13 TRUSTEE**

This matter having been brought to the Court by Debtor's Modified Plan; and, the Standing Chapter 13 Trustee having filed an objection thereto; and, the Court having considered papers filed regarding this matter and arguments of counsel, if any; and, this Order being submitted pursuant to D.N.J. LBR 9072-1(d), (7 Day Rule); and, no objection being received thereon; and, for good cause shown;

    **IT IS HEREBY ORDERED**:

A.     Post-petition mortgage payments made on claims secured by security interest in debtor's residence, payable to  Wilmington Savings Fund Society, at  c/o fay Servicing, LLC, PO Box 814609, Dallas, TX  75381-4609, account number ending in 6696, shall be made by the debtor(s) to the Standing Chapter 13 Trustee ("Trustee") for payment through the Chapter 13 Plan.

B.     Conduit Payment Terms:

1. Payments made by the debtor(s) to the Trustee shall provide sufficient funding to cover the Trustee Percentage Fees in an amount of all receipts for all claims, including the amounts needed for payment of the Conduit Mortgage Payments.

2. The Trustee, in making Conduit Mortgage Payments, may set up five (5)

separate classes of mortgage claims, as follows:

a) **Pre-petition Arrears.** This class shall include any pre-petition mortgage payments (including principal and interest, escrow(s), mortgage insurance, fees, charges, and other obligations provided for in the loan documents between the debtor and mortgage creditor (hereinafter the "Loan Documents")), and shall include the mortgage payment that comes due during the month of the petition date or conversion date.

b) **Conduit Mortgage Payments.** This class shall include:

1) Post-petition mortgage payments, beginning with the payment due in the third calendar month following the effective date of this Order; or

2) Post-petition mortgage payments, beginning with the payment due in the third calendar month following the occurrence of any other event requiring the debtor to make Conduit Mortgage Payments

c) **Gap Payments.** This class shall include the post-petition mortgage payments due in the two (2) months:

1) immediately after the petition is filed or the case is converted (but shall not include the mortgage payment due in the month of filing or conversion); or

2) immediately after the occurrence of any other event requiring the debtor to make Conduit Mortgage Payments.

d) **Post-petition Charges.** This class shall include all payments due to the mortgage creditor as described in any Notice of Post-petition Mortgage Fees, Expenses, and Charges under Federal Rule of Bankruptcy Procedure 3002.1(c) ("3002.1(c) Notice") filed with the Court. The debtor will be responsible for reviewing all 3002.1(c) Notices within sixty (60) days of the date of filing of such Notice. If the debtor fails to file a timely objection, then the Trustee may pay

3

the amounts claimed in the 3002.l(c) Notice. Any request for a refund for overpayment or obligation for an underpayment will be the sole responsibility of the debtor. Once the Trustee has filed a Plan Complete Letter, the debtor shall be directly responsible for any further post-petition charges.

    e) **Post-petition Arrears.** This class shall include payments resulting from:

        1) any delinquency in the Conduit Mortgage Payment arising as a result of a moratorium; or

        2) the debtor's post-petition mortgage delinquency.

C. **Trustee Plan disbursements**.

1. The current Conduit Mortgage Payment, including principal, interest, and escrow charges, is hereby fixed in the amount of $ _1,583.16_ per month.

2. Post petition arrears through _October, 2021_, by Order Doc #_71_ entered _11/22/21,_ in the amount of $_8,555.76_ were previously added to the plan, which included $_588.00_ creditor attorney fees.

3. As of _April, 2022_, the agreed post-petition mortgage arrearages are in the amount of $200.00 for lender's attorney fees and costs, which shall be payable through the Chapter 13 Plan.

4. The May, 2022 mortgage payment was made directly to the mortgage company.

5. Two months Gap Payments for _June & July, 2022_ in the amount of $_1,583.16_ each, for a total of _3,166.32_, shall be payable through the Chapter 13 Plan. Conduit Payments to the creditor from the Trustee shall begin as of August, 2022.

6. The Debtor's plan payment to the Trustee shall hereby be adjusted to $_23,137.00_ paid to date (19 mo), $3,482.00 (41 mo) beginning June 1, 2022. The debtor shall make the $_3,482.00_ Trustee payment beginning _June, 2022_ by way of money order, cashiers or certified check remitted to Trustee's payment lock box. The Debtor shall immediately register for TFS automated withdrawal payments or eWage in sufficient time for such payments to be made for the _June 2022_

Trustee payment. All terms of the confirmation order not inconsistent with this order are hereby incorporated herein.

    a) Unless otherwise ordered by the Court, Conduit Mortgage Payments will be retained by the Trustee until the entry of an Order Confirming Plan, after which time the Trustee shall commence disbursements as soon as is practicable. Thereafter, disbursements by the Trustee will be made after receipt and posting of payments from the debtor, but no disbursements will be made until at least **fifteen (15) days** after posting to ensure funds are available.

    b) All disbursements made by the Trustee will be made in accordance with the Trustee's established office policies and procedures and may not coincide with the payment due date set forth in the Loan Documents.

7. **Amount of Conduit Payments.** The sums required by the Trustee for disbursement to the Conduit Mortgage Payment class shall be in the amount:

    a) the amount as initially set forth in paragraph C 1. above, and;

    b) set forth in the mortgage creditor's allowed Notice of Mortgage Payment Change filed in compliance with the deadlines and service requirements set forth in Bankruptcy Rule 3002.1(b), and using the applicable official Forms.

8. **Notice of Payment Change.** Mortgage creditors shall file and serve a Notice of Mortgage Payment Change in accordance with the applicable Official Form, within the deadline, and in compliance with the service requirements set forth in F.R.B.P. 3002.1(b), to reflect any changes in the monthly mortgage payments or escrow amounts that occur during the term of the plan. The debtor will be responsible for reviewing all 3002.1(b) Notices within fifteen (15) days of the date of filing of such Notice. If the debtor fails to file a timely objection, then the Trustee may pay the

amounts claimed in the 3002.1(b) Notice. Any request for a refund for overpayment or obligation for an underpayment will be the sole responsibility of the debtor. Once the Trustee has filed a Plan Complete Letter, the debtor shall be directly responsible for any further mortgage payments.

9. The Debtor submits to the supervision and control of the Trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan

10. After confirmation, unless provided for in a modified plan, the Trustee is authorized to increase monthly plan payments by the amount necessary to fund the plan if the plan becomes no longer mathematically viable due to the filing of any of the following:

    a)   Notice of Mortgage Payment Change;

    b)   Notice of Post-petition Fees, Expenses, and Charges subject to C 3.

11. Trustee may increase the monthly payment plan by filing a Trustee Order or other order of the Court and provide notice to debtor and debtor's attorney.

12. Nothing in this plan should be interpreted to impair the right of any party in interest to seek the appropriate relief from the Court as a result of the debtor's failure to make Conduit Mortgage Payments or Plan Payments to the Trustee.

    a)   In the event of Default, if the Debtor fails to make Conduit Mortgage Payments or Plan Payments to the Trustee within fifteen (15) days of the date the payments are due, then the creditor, its successor or assigns, may obtain an Order Vacating the Automatic Stay as to the Collateral by filing, with the Bankruptcy Court, a Certification specifying the Debtor's failure to comply with this Order. At the time the Certification is filed with the court, a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtor, and the Debtor's attorney.

13. Payments from the Debtor to the Trustee that are returned for insufficient funds or

for any other reason by the Trustee, or the Trustee's financial institutions, will be deemed "not received."

14. If the Debtor pays the Trustee less than the amounts needed to fund the Plan, the Trustee is authorized to apply the funds received and make disbursements in the following order:

   a) Trustee Percentage Fees;

   b) Conduit Mortgage Payments;

   c) Gap payments, administrative claims, including debtor attorney fees, DSO and prompt cure

   d) All other secured claims included in the plan, on a *pro rata* basis.

   e) Priority unsecured claims on *a pro rata* basis;

   f) General unsecured claims on *a pro rata* basis.

15. **Requests for moratoriums.** Requests for moratoriums filed in cases with Conduit Plans must be in the form of a modified plan that:

   a) states the new plan terms, including the moratorium; and

   b) treats any delinquency in the Conduit Mortgage Payment arising as aresult of the moratorium as post-petition arrears, with a proposed monthly payment amount.

   c) The modified plan must be filed and served as required by the Bankruptcy Rules.

D. **Mortgage Creditors.**

1. For so long as the debtor remains current in payments pursuant to the plan, and regardless of the date of disbursement of the Conduit Mortgage Payment by the Trustee, the mortgage creditor shall not: (1) declare the loan in default; (2) impose any post-petition charge incurred on account of any delay in the mortgage creditor's receipt of any payment paid pursuant to a this Order; or (3)seek to recover or assess late fees or penalties incurred on account of any delay in the Mortgage Creditor's receipt of any payment paid pursuant to a

    this Order..

2. For the purpose of disbursing payments, the Trustee will not acknowledge any change of the name or address of the mortgage creditoror servicer, or any transfer or assignment of claim, until a reasonable time after the filing of a notice that complies with Bankruptcy Rule 3001(e) and/or other applicable Rules.

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 20-21428-CMG |
| Todd Swillinger | Chapter 13 |
| Kathleen Y. Fong-Swillinger | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 2 |
| Date Rcvd: May 26, 2022 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol      Definition**

\+           Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 28, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Todd Swillinger, Kathleen Y. Fong-Swillinger, 99 Bayberry Drive, Somerset, NJ 08873-4212 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 28, 2022                  Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 26, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Albert Russo | docs@russotrustee.com |
| Denise E. Carlon | on behalf of Creditor U.S. BANK NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS INDENTURE TRUSTEE OF CIM TRUST 2018-NR1 dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Jonathan C. Schwalb | on behalf of Creditor Fay Servicing LLC as servicer for Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of CIM Trust 2021-NR2 bankruptcy@friedmanvartolo.com |
| Kyle Anthony Livingstone | on behalf of Creditor Quailbrook Phase 1B Townhomes Association Inc. klivingstone@theassociationlawyers.com |
| Nicole B. LaBletta | on behalf of Creditor U.S. Bank National Association et al nlabletta@lablettawalters.com tharalla@lablettawalters.com |

District/off: 0312-3 | User: admin | Page 2 of 2
Date Rcvd: May 26, 2022 | Form ID: pdf903 | Total Noticed: 1

Robert C. Nisenson
    on behalf of Debtor Todd Swillinger r.nisenson@rcn-law.com
    doreen@rcn-law.com;g2729@notify.cincompass.com;nisensonrr70983@notify.bestcase.com

Robert C. Nisenson
    on behalf of Joint Debtor Kathleen Y. Fong-Swillinger r.nisenson@rcn-law.com
    doreen@rcn-law.com;g2729@notify.cincompass.com;nisensonrr70983@notify.bestcase.com

U.S. Trustee
    USTPRegion03.NE.ECF@usdoj.gov

William H Brosha
    on behalf of Creditor Quailbrook Phase 1B Townhomes Association  Inc. collections@theassociationlawyers.com

TOTAL: 9