| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>District of New Jersey<br><br>Albert Russo<br>Po Box 4853<br>Trenton, NJ  08650-4853<br>(609) 587-6888<br>Standing Chapter 13 Trustee | **Order Filed on June 2, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>  Todd Swillinger<br>  Kathleen Y. Fong-Swillinger<br><br><br>                                Debtor(s) | Case No.: 20-21428 / CMG<br><br>Hearing Date:  05/18/2022<br><br>Judge: Christine M. Gravelle<br><br>Chapter: 13 |

# ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through four (4) is **ORDERED**.

**DATED: June 2, 2022**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

**AMENDED ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN**

The relief set forth on the following pages, numbered two (2) through four (4) is **ORDERED**.

The modified plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such modified plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the modified plan of the above named debtor, dated 03/15/2022, or the last amended plan of the debtor be and it is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 60 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$23,137.00 PAID TO DATE

$3,482.00 for 41 months beginning 6/1/2022

**ORDERED** that the case is confirmed with a calculated plan funding of $165,899.00. General unsecured creditors are scheduled to receive a pro-rata dividend of funds available.

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement. Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is authorized to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a), in the amount filed by the post-petition claimant.

**ORDERED** that section(s) 4(a) as pertains to Quailbrook Phase 1-B Homeowners Association, Inc. is stricken from the Chapter 13 Plan.

**ORDERED** that the Trustee is authorized to pay the late filed claim of New York State, court claim #30-1.

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** as follows:
Order Establishing Trustee Conduit Payments to be filed.

United States Bankruptcy Court

District of New Jersey

In re:  Case No. 20-21428-CMG
Todd Swillinger  Chapter 13
Kathleen Y. Fong-Swillinger
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-3     User: admin     Page 1 of 2
Date Rcvd: Jun 02, 2022     Form ID: pdf903     Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol     Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 04, 2022:**

**Recip ID     Recipient Name and Address**
db/jdb     + Todd Swillinger, Kathleen Y. Fong-Swillinger, 99 Bayberry Drive, Somerset, NJ 08873-4212

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 04, 2022         Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 2, 2022 at the address(es) listed below:

**Name     Email Address**

Albert Russo
    docs@russotrustee.com

Denise E. Carlon
    on behalf of Creditor U.S. BANK NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS INDENTURE TRUSTEE OF CIM TRUST 2018-NR1 dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com

Jonathan C. Schwalb
    on behalf of Creditor Fay Servicing LLC as servicer for Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of CIM Trust 2021-NR2 bankruptcy@friedmanvartolo.com

Kyle Anthony Livingstone
    on behalf of Creditor Quailbrook Phase 1B Townhomes Association Inc. klivingstone@theassociationlawyers.com

Nicole B. LaBletta
    on behalf of Creditor U.S. Bank National Association et al nlabletta@lablettawalters.com tharalla@lablettawalters.com

District/off: 0312-3 | User: admin | Page 2 of 2
Date Rcvd: Jun 02, 2022 | Form ID: pdf903 | Total Noticed: 1

Robert C. Nisenson
on behalf of Debtor Todd Swillinger r.nisenson@rcn-law.com
doreen@rcn-law.com;g2729@notify.cincompass.com;nisensonrr70983@notify.bestcase.com

Robert C. Nisenson
on behalf of Joint Debtor Kathleen Y. Fong-Swillinger r.nisenson@rcn-law.com
doreen@rcn-law.com;g2729@notify.cincompass.com;nisensonrr70983@notify.bestcase.com

U.S. Trustee
USTPRegion03.NE.ECF@usdoj.gov

William H Brosha
on behalf of Creditor Quailbrook Phase 1B Townhomes Association  Inc. collections@theassociationlawyers.com

TOTAL: 9